Turley, J.
delivered the opinion of the court.
The question for consideration arises upon the construction of a deed of trust. C. M. Barker, on the 12th day of February, 1824, conveyed certain property, consisting of negroes, horses, mules, hogs, cattle, in trust to secure the payment of debts due by him to the plaintiff. Four of the horses, which are claimed to be thus conveyed, were afterwards found in the possession of the defendant, and this action of trover brought for them. Upon the trial the deed of trust was read in evidence, and parol proof offered, to show that the horses sued for were a part of those sold, but this proof was rejected, and the question is, was this testimony properly rejected? It is argued that it was, because the description of the horses in the deed of trust is too *330 uncertain to identify them, and that parol proof could not be heard for that purpose.
The deed of trust reads as follows: “Doth by these presents, grant, bargain, sell and convey to the said E. M. Barker, ex’r, &c., the following described slaves, viz, fifteen negroes, named as follows: Tom, Morgan, Willis, &c.; also the following described stock: about 25 head of horses, 6 mules, 150 head óf sheep, 40 head of cattle, including oxen, and 200 head of hogs.” The proof offered in explanation, and excluded by the court, was to the effect, that C. M. Barker had at the time of the execution of the deed but seventeen horses, and that these four were a portion of them.
How the description of the horses, and other stock conveyed, could well have been more specific, we do not perceive. Would the calling them by name, or a description by color or age, have given a more definite idea of what particular horses were designed to be conveyed, than the description by number? We think not. Thé design obviously was to convey all the horses he had in possession, and parol proof must always become necessary in such cases, and we are aware of no principle of law forbidding its reception; to refuse it, must invariably defeat sales of personal property of this kind, when it is not delivered at the time of the sale, as it will be found impracticable to give such description of it as to obviate the necessity of introducing parol proof, to show that the property sued for is the same that was conveyed. The description by number in this case, we think good.
Reverse the judgment, and remand the case for a new trial.